IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL BONAZZA,<br><br>Plaintiff,<br><br>vs.<br><br>MUFG UNION BANK<br><br>Defendant. | ) | CIVIL NO. 26-00408 HG-WRP<br><br>FINDINGS AND RECOMMENDATION TO (1) DISMISS COMPLAINT WITH LEAVE TO AMEND AND (2) DENY APPLICATION TO PROCEED WITHOUT PAYMENT OF FEES OR COSTS AS MOOT |

FINDINGS AND RECOMMENDATION TO (1) DISMISS COMPLAINT WITH LEAVE TO AMEND AND (2) DENY APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AS MOOT

On August 3, 2026, Plaintiff Michael Bonazza (Plaintiff), proceeding without counsel, filed a complaint (Complaint) against Defendant "MUFG Union Bank." See Complaint, ECF No. 1. Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Application). See Application, ECF No. 2. For the reasons stated below, the Court FINDS and RECOMMENDS that Plaintiff's Complaint be DISMISSED with leave to amend and that Plaintiff's Application be DENIED as moot.[1]

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

## I. Screening

The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss [a § 1915(a)] complaint that fails to state a claim). Additionally, the Court liberally construes a pro se complaint. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. See Pliler v. Ford, 542 U.S. 225, 231 (2004); Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

According to Rule 8(a)(2) of the Federal Rules of Civil Procedure (FRCP), to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this rule, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (quotation marks omitted). Importantly, conclusions of law are insufficient to state a claim under Rule 8(a). See id. "Therefore, to survive in federal court, a complaint must contain specific factual allegations in support of the legal conclusions." See id. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, "[t]o comply with Rule 8(a)(2), a plaintiff suing multiple defendants 'must allege the basis of his claims against each defendant[.]'" Tamraz v. Bakotic Pathology Assocs., LLC, No. 22-CV-0725-BAS-WVG, 2022 WL 16985001, at *2 (S.D. Cal. Nov. 16, 2022) (quotation marks and citations omitted). "Put differently, a pleading that names multiple defendants must 'establish the specific personal involvement' of each defendant 'in the alleged wrongful acts.'" Id. (citations omitted). "Failure to do so 'leaves each defendant with no means of determining exactly what each of them is charged with doing,' and, therefore, violates Rule 8." Id. (ellipses and citations omitted).

Here, the Complaint's fatal defect is that it does not include sufficient factual allegations for the Court to discern the substance of Plaintiff's action. Regarding the date and time of the alleged events giving rise to his employment discrimination claim, Plaintiff states that the dates were "between October 2017 and October 2022." See Complaint, ECF No. 1 at 4. Regarding the facts

underlying the claim, Plaintiff's Complaint, in its entirety, states: "The term I was given in my most recent contract which made me a non permanent employee cut off prior permanent employment I was given in a prior contract." Id. Moreover, Plaintiff seeks $2,300,000 in damages but provides no explanation as to how the foregoing allegation supports the damages sought. See id. at 5.

These minimal facts are insufficient to satisfy FRCP Rule 8(a)(2) and "leave[] [the] defendant with no means of determining exactly what [it] is charged with doing." See Tamraz, 2022 WL 16985001, at *2; see also Ashcroft, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). For these reasons, the Court FINDS that Plaintiff's Complaint is inadequate under the pleading standard of FRCP Rule 8(a)(2). The Court therefore FINDS and RECOMMENDS that Plaintiff's Complaint be DISMISSED without prejudice.

As to whether leave to amend the Complaint should be permitted, the Ninth Circuit has explained that, "[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (citations omitted). Here,

arguably, Plaintiff may be able to cure some of the deficiencies in the Complaint. Therefore, the Court RECOMMENDS that he be permitted to file an amended complaint.

If Plaintiff chooses to file an amended complaint, he must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction (i.e., diversity jurisdiction or federal question jurisdiction); (2) the right(s) he believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do and when; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's right(s); and (6) what specific injury he suffered because of each defendant's conduct. Any amended complaint shall cure the deficiencies noted above.

## II. Application to Proceed in District Court Without Prepaying Fees or Costs

Insofar as this Court finds and recommends that Plaintiff's Complaint be dismissed with leave to amend, it also FINDS and RECOMMENDS that Plaintiff's Application be DENIED without prejudice as moot. If Plaintiff timely files an amended complaint, he shall concurrently file a new application to proceed without prepayment of costs or pay the filing fee. Plaintiff's amended complaint and new application or filing fee are due within **45 days** from the date the district court acts on this Findings and Recommendation. Failure to file an amended complaint and new application or payment of the filing fee by this deadline will

result in automatic dismissal of this case.

CONCLUSION

The Court FINDS and RECOMMENDS that the district court

- DISMISS the Complaint, ECF No. 1, with leave to file an amended complaint within **45 days** from the date the district court acts on this Findings and Recommendation,
- DENY the Application, ECF No. 2, as moot,
- ORDER Plaintiff to file a completed application to proceed without prepayment of costs or pay the filing fee contemporaneously with the filing of the amended complaint, and
- CAUTION Plaintiff that failure to file an amended complaint with an application to proceed without prepayment of costs or payment of the filing fee within the time frame specified above will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 13, 2026.

Wes Reber Porter
United States Magistrate Judge

Michael Bonazza v. MUFG Union Bank, Civ. No. 26-00408 HG-WRP; FINDINGS AND RECOMMENDATION TO (1) DISMISS COMPLAINT WITH LEAVE TO AMEND AND (2) DENY APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AS MOOT.