IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL BONAZZA,<br><br>Plaintiff,<br><br>vs.<br><br>MUFG UNION BANK<br><br>Defendant. | CV 26-00408 HG-WRP |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO (1) DISMISS COMPLAINT WITH LEAVE TO AMEND AND (2) DENY APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AS MOOT (ECF No. 20)**

**and**

**OVERRULING PLAINTIFF'S OBJECTIONS (ECF NOS. 21-33)**

On September 25, 2026, the Magistrate Judge filed the Findings and Recommendation (ECF No. 20).

On the same date, the Findings and Recommendation was served on all parties. (Id.).

Between September 25, 2026 and October 23, 2026, Plaintiff filed 13 handwritten one-page letters to the Court. (ECF Nos. 21-33). Each filing contains short, confusing, and often indecipherable notes regarding Plaintiff's opinions regarding costs, settlement, and the court process.

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Findings and

Recommendation, the District Court must review de novo the portions to which the Objections are made to the Findings and Recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Under the de novo standard, there is no deference to the Magistrate Judge's ruling and the District Court may freely consider the matter anew as if no decision had been rendered below. Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009).

The District Court may accept, reject, or modify, in whole or in part, the Findings and Recommendation made by the Magistrate Judge, or recommit the matter to the Magistrate Judge with further instructions. 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980); Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

### I. Pro Se Pleadings

As an initial matter, the Court recognizes that Plaintiff is proceeding pro se and liberally construes his Complaint and Objections. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The Court also recognizes that unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the Complaint's deficiencies and an

opportunity to amend prior to dismissal of the action. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). The Court may, however, deny leave to amend where further amendment would be futile. See, e.g., Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008).

## II. Plaintiff's Objections are Overruled

A party's Objection must specifically designate the portions of the Magistrate Judge's Findings and Recommendation to which the party is objecting and the basis of the objection. LR. 74.1.

The Court construes Plaintiff's filings (ECF Nos. 21-33) as Objections to the Findings and Recommendation.

Plaintiff's Objections fail to comply with Rule 74.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). The Objections lack clear meaning, sense, or reason. The objections do not specifically designate the portions of the Magistrate Judge's Findings and Recommendation to which Plaintiff is objecting nor do they state the basis for the objections. LR74.1. Plaintiff's Objections (ECF Nos. 21-33) are **OVERRULED**.

## CONCLUSION

The Court **ADOPTS** the MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO (1) DISMISS PLAINTIFF'S COMPLAINT AND (2) DENY

APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS. (ECF No. 20).

Plaintiff's Objections to the Findings And Recommendation (ECF Nos. 21-33) are **OVERRULED.**

Plaintiff's Amended Complaint (ECF No. 10) is **DISMISSED.**

Plaintiff is **GRANTED LEAVE** to file a Second Amended Complaint in conformity with the rulings in this Order and the Magistrate Judge's Findings and Recommendation on or before **Friday, December 11, 2026.**

Plaintiff is also **GRANTED LEAVE** to file a Third Application to Proceed in District Court Without Prepayment of Fees or Costs if Plaintiff chooses to file a Second Amended Complaint.

Plaintiff is cautioned that failure to 1) file a Second Amended Complaint that conforms with the applicable federal statutes, the Federal Rules of Civil Procedure, the District of Hawaii Local Rules, and the Orders of this Court and 2) concurrently file a new Application to Proceed in District Court Without Prepayment of Fees or Costs or pay the filing fee on or before **Friday, December 11, 2026** will result in automatic dismissal of this action.

**Until Plaintiff files a Second Amended Complaint that conforms with this Order and either files a new Application to**

**Proceed in District Court Without Prepayment of Fees or Costs or pays the filing fee, he should not file any other documents in this action.**

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, October 27, 2026.

Helen Gillmor
United States District Judge

**Michael Bonazza v. MUFG Union Bank**; 26-cv-00408-HG-WRP; ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO (1) DISMISS COMPLAINT WITH LEAVE TO AMEND AND (2) DENY APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AS MOOT (ECF No. 20) and OVERRULING PLAINTIFF'S OBJECTIONS (ECF NOS. 21-33).