IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL BONAZZA, | ) | CV 26-00408 HG-WRP |
| Plaintiff, | ) | |
| vs. | ) | |
| MUFG UNION BANK | ) | |
| Defendant. | ) | |

**ORDER DISMISSING THE SECOND AMENDED COMPLAINT (ECF No. 35) WITH PREJUDICE**

On August 3, 2026, Plaintiff filed the Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF Nos. 1 and 2). The Complaint attempted to assert an employment discrimination claim against Defendant MUFG Union Bank.

On August 13, 2026, the Magistrate Judge filed the Findings and Recommendation to (1) Dismiss Complaint with Leave to Amend and (2) Deny Application to Proceed Without Payment of Fees or Costs as Moot. (ECF No. 7).

On September 11, 2026, the Court issued an ORDER ADOPTING WITH MODIFICATION THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO (1) DISMISS COMPLAINT WITH LEAVE TO AMEND AND (2) DENY APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AS MOOT (ECF No. 9).

On September 11, 2026, Plaintiff filed the First Amended Complaint and a Second Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 10 and 11). The First Amended Complaint contained the same deficiencies as the original complaint.

On September 25, 2026, the Magistrate Judge issued a Findings and Recommendation to (1) Dismiss Amended Complaint With Leave to Amend and (2) Deny Application to Proceed Without Prepaying of Fees or Costs as Moot. (ECF No. 20).

Between September 25, 2026 and October 23, 2026, Plaintiff filed 13 handwritten one-page letters to the Court, which were construed as Objections to the Findings and Recommendation. (ECF Nos. 21-33). Each filing contained short, confusing, irrelevant, and often indecipherable notes regarding Plaintiff's opinions regarding costs, settlement, and the court process.

On October 27, 2026, the Court issued an ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO (1) DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND AND (2) DENY APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AS MOOT AND OVERRULING PLAINTIFFS OBJECTIONS. (ECF No. 34).

On October 29, 2026, Plaintiff filed the Second Amended Complaint. (ECF No. 35).

## STANDARD OF REVIEW

Pursuant to Title 28, U.S.C. Section 1915(e)(2), the Court shall sua sponte dismiss the case if the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

## ANALYSIS

### I. Pro Se Pleadings

As an initial matter, the Court recognizes that Plaintiff is proceeding pro se and liberally construes his filings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam).

### II. Plaintiff's Second Amended Complaint Fails To State A Claim

A complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Fed. R. Civ. P. 8(a)(2) requires a complaint to contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. Twombly, 550 U.S. at 555. A complaint need not provide extensive, detailed factual allegations, but it must contain sufficient allegations to provide a basis for

relief. Id.

In order to state a claim, the complaint must contain more than labels and conclusions. Iqbal, 556 U.S. at 678. Mere citations to a statute or formulaic recitations of the elements of a cause of action are insufficient to state a claim. Id. Factual allegations in the complaint must be sufficiently detailed to raise a right to relief above the speculative level. Id.

On October 29, 2026, Plaintiff filed the Second Amended Complaint. (ECF No. 35).

The entirety of the allegations in the Second Amended Complaint are as follows:

"October 2012, Title VII discrimination."

(Id. at p. 4).

Plaintiff's Second Amended Complaint fails to state a plausible claim for relief. Plaintiff's mere citation to "Title VII" and a threadbare, conclusory allegation of "discrimination" are insufficient to state a claim for relief that is plausible on its face. Twombly, 550 U.S. at 570.

**III. Further Amendment Would Be Futile**

The Federal Rules of Civil Procedure require that the court give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2); Eminence Capital, LLC v. Aspeon, Inc., 316

F.3d 1048, 1051 (9th Cir. 2003). Amendment need not be permitted, however, when it would be futile. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).

Notwithstanding the policy favoring leave to amend for pro se plaintiffs, the Court finds that dismissal with prejudice is warranted. Plaintiff has been twice warned of the deficiencies in his complaints and has filed 13 irrelevant hand written letters to the Court. Plaintiff has failed to cure the deficiencies in the complaints. Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009).

## CONCLUSION

Plaintiff’s Second Amended Complaint (ECF No. 35) is **DISMISSED WITH PREJUDICE.**

The Clerk of Court is **DIRECTED** to **CLOSE THE CASE.**

No additional filings may be made in this case without leave of Court except for a Notice of Appeal.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, October 30, 2026.

Helen Gillmor
United States District Judge